CRIMINAL PROCEDURE
Copies of the findings and conclusions of the Council on Judicial Complaints which charge a member of the Judiciary with one of the grounds for removal specified in Article VIIA, Section 1 of the Oklahoma Constitution, or 20 O.S. 1404 [20-1404] (1978), or otherwise charge such member of the Judiciary with willful misconduct or malfeasance would not be public records under 51 O.S. 24 [51-24] (1971) but would rather be subject to the secrecy requirements set forth in 20 O.S. 1658 [20-1658] (1978) and 22 O.S. 346 [22-346] (1971). In those instances where the findings and conclusions of the Council on Judicial Complaints do not charge a member of the Judiciary with one of the grounds for removal or otherwise charge such member with willful misconduct or malfeasance copies of such findings and conclusions can, in the discretion of the Council on Judicial Complaints, be made public. The Attorney General is in receipt of your opinion wherein you ask, in effect, the following questions: Whether copies of the Findings and Conclusions of the Council on Judicial Complaints, which are forwarded to the Chief Justice on completed-investigations, are public records pursuant to 51 O.S. 24 [51-24] (1971); (1) where the Chief Justice has filed a complaint with the Court on the Judiciary and proceedings have been held on the complaint (2) where the Findings and Conclusions of the Council are pending before the Chief Justice. (3) where the Chief Justice has decided not to file a formal complaint with the Court on the Judiciary. Title 51 O.S. 24 [51-24] (1971) generally describes those records open for public inspection, and provides as follows: "Is hereby made the duty of every public official of the State of Oklahoma, and of its political subdivisions, where required by law to keep public records pertaining to their said offices, to keep the same open for public inspection for proper purposes, at proper times and in proper manner, to the citizens and tax payers of the State, and its political subdivisions, during all business hours of the day; provided, however, the provisions of this act shall not apply to income tax returns filed with the Oklahoma Tax Commission, or other records required by law to be kept secret." (Emphasis Added) Specifically, with regard to the Council on Judicial Complaints, 20 O.S. 1658 [20-1658] (1978) provides as follows: "The Council shall promptly investigate all complaints received by, and shall determine the proper disposition thereof, as provided in this act. To that end, it shall have the power to hold hearings, administer oaths or affirmations, receive testimony and other evidence, issue and serve or cause to be served subpoenas requiring testimony or the production of books, records, papers or other tangible evidence. . . . All proceedings under this section shall be held in secrecy to the same extent as proceedings before a grand jury." (Emphasis added) With respect to proceedings before a grand jury, 22 O.S. 346 [22-346] (1971) provides as follows: "In addition to any indictments or accusations that may be returned, the grand jury, in their discretion, may make formal written reports as to the conditions and operation of any public office or public institution investigated by them. No such reports shall charge any public officer, or other person with willful misconduct or malfeasance, nor reflect on the management of any public office as being willful and corrupt misconduct. It being the intent of this section reserved to every person the right to meet his accusers in a court of competent jurisdiction and to be heard, in open court, in its defense." (Emphasis added) From the foregoing, it clearly appears that all proceedings held by the Council on Judicial Complaints are to be held in secrecy to the same extent as proceedings before a grand jury under 22 O.S. 346 [22-346] (1971). 22 O.S. 346 [22-346] grants discretion to a grand jury to make formal written reports as to the conditions and operations of any public office or public institution investigated by the grand jury. 22 O.S. 346 [22-346], however, prohibits any such report from charging any public officer or other person with willful misconduct or malfeasance. A review of the grounds for removal of a member of the Judiciary as set out in Article VIIA, Section 1 of the Oklahoma Constitution and 20 O.S. 1404 [20-1404] (1978), indicates that all such grounds involve some form of willful misconduct or malfeasance. Thus, findings of fact or conclusions of law entered by the Council on Judicial Complaints charging a member of the Judiciary with one of the grounds for removal would not appear to fall within the type of formal written reports that a grand jury is allowed to make public. Of course, if the findings and conclusions of the Council do not charge a member of the Judiciary with one or more grounds for removal or otherwise make charges of willful misconduct or malfeasance, such findings and conclusions would appear to fall within the type of formal reports which a grand jury, in their discretion, may make public. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Copies of the findings and conclusions of the Council on Judicial Complaints which charge a member of the Judiciary with one of the grounds for removal specified in Article VIIA, Section 1 of the Oklahoma Constitution, or 20 O.S. 1404 [20-1404] (1978), or otherwise charge such member of the Judiciary with willful misconduct or malfeasance would not be public records under 51 O.S. 24 [51-24] (1971) but would rather be subject to the secrecy requirements set forth in 20 O.S. 1658 [20-1658] (1978) and 22 O.S. 346 [22-346] (1971). In those instances where the findings and conclusions of the Council on Judicial Complaints do not charge a member of the Judiciary with one of the grounds for removal or otherwise charge such member with willful misconduct or malfeasance, copies of such findings and conclusions can, in the discretion of the Council on Judicial Complaints, be made public. (GERALD E. WEIS) (ksg)